Roberts vs. Chicago & Northwestern R. Co. and others.

form the functions of a jury.    No extended discussion upon a mere question of fact is "permissible in any brief or at the bar."    Supreme Court Rule IX.    It should not be incumbered with superfluous matter.    The same rule required the respondents' brief to point out any insufficiency or inaccuracy of the appellants' brief, and to supply, correct, and answer the same in the order therein prescribed for the appellants' brief.    It was also legitimate to state therein the leading facts or conclusions which the evidence established. or tended to prove, with proper references to the printed case, where all the evidence bearing upon such leading facts or conclusions could have been found.    The respondents' brief in this case contains seventy-three pages, and does not conform to the requirements; and in pursuance of that rule, no costs will be taxed for printing the same.

*By the Court.*— The judgment of the circuit court is affirmed.

BARDEEN, J., dissents.

---

ROBERTS, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY and others, Appellants.

*November 1 — November 22, 1898.*

*Replevin: Abatement by pendency of another action.*

After A., the mortgagee of a carload of shingles, had shipped them to M. billed to herself, one R., who claimed them as purchaser from the mortgagors, procured the car while in transit to be billed to other parties at O., taking a receipt therefor from the station agent at M.; but the carrier, on learning of A.'s claim, notified R. of its refusal to carry the shingles on his bill of lading, and also refused to deliver them to A.    Thereupon A. brought replevin against the carrier, getting possession of the property, and the carrier answered.

that R. was the owner thereof, but neither party sought to have him interpleaded. *Held* that, on the carrier's refusal to forward the shingles on R.'s bill of lading, it ceased to be his bailee, and the pendency of A.'s replevin action was not available in abatement of an action of replevin brought by R. against such carrier.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

In 1893 the plaintiff and Aschinger Bros. entered into an agreement by which the former was to advance certain sums of money to pay labor, etc., in the manufacture of shingles at the Aschinger sawmill. The shingles were to be delivered at a station on the railroad, called Split Rock, as ordered by plaintiff, and he was to account for them at certain agreed prices, and give the firm credit on advances so made. The shingles were all delivered, except about one carload. In April or May, 1894, plaintiff notified the Aschingers to ship the remainder of the shingles, which they neglected or refused to do. Thereafter plaintiff went to the sawmill, and after some conversation with the Aschingers, he claims, the shingles were turned out and delivered to him in the yard, and he wrote his name on a number of bunches. On June 18, 1894, the Aschingers executed a chattel mortgage to their mother, Elizabeth Aschinger, covering these shingles, which was duly filed in the proper town clerk's office. Later in the season, plaintiff notified the Aschingers to deliver the shingles, which they refused to do. On October 17, 1894, Elizabeth Aschinger, with the consent of the mortgagors, sold the shingles, had them loaded on the cars, and billed them in her own name to herself, at Marion, Wisconsin. While the shingles were in the possession of the railroad company, plaintiff went to Marion, and filled out a shipping bill for the car of shingles to Radford Bros., of Oshkosh, and took a receipt from the agent. When the shingles arrived at Marion the agent learned that the shingles were claimed by Mrs. Aschinger, and immediately notified plaintiff that the

company refused to forward the shingles under the shipping bill. The company also refused to deliver them to Mrs. Aschinger, whereupon she brought replevin against the railroad company, and secured possession of the same. The company made answer, setting up that plaintiff was the owner of the property. No effort was made by either party to have the plaintiff interpleaded, and that action is still pending.

After obtaining possession of the shingles under her replevin, Mrs. Aschinger sold the shingles to the defendants *Knapstein*. The latter caused them to be loaded on the cars for shipment, whereupon the plaintiff brought this action of replevin. The defendants denied plaintiff's title to the property, and set up the pendency of the former suit in abatement. The main question litigated was as to the title to the shingles. The verdict of the jury was in plaintiff's favor, and the value of the property was found to be $210. A new trial was denied, and from a judgment entered on the verdict this appeal is taken.

For the appellants there were briefs by *Gerrit T. Thorn*, attorney, and *Charles A. Holmes*, of counsel, and oral argument by *Mr. Thorn*. They argued, *inter alia*, that cross replevins between the same parties for the same property could not be maintained. The only issue was the ownership of the property, and the parties were substantially the same, the carrier being the agent and bailee of *Roberts*. *Larsen v. Nichols*, 62 Minn. 256; *Fisher v. Busch*, 64 Mich. 180; *Beers v. Wuerpul*, 24 Ark. 272.

For the respondent there was a brief by *Goodrick & Goodrick*, and oral argument by *E. J. Goodrick*.

BARDEEN, J. This judgment is sought to be reversed on the ground that the evidence under the plea in abatement shows that there is another action pending, wherein the parties and their privies are the same, and that the subject matter of the two causes of action is the same. The fallacy

Roberts vs. Chicago & Northwestern R. Co. and others.

of this contention becomes evident from a mere inspection of the statement of facts. The shingles were loaded on the cars at Split Rock by Mrs. Aschinger, and billed to herself, at Marion. While so in the possession of the railroad company, plaintiff went to the station agent at Marion, and billed the car to Radford Bros., at Oshkosh, and took the agent's receipt. As soon as the agent became aware of the true situation, he notified the plaintiff that the company refused to recognize any obligation to forward the car under the bill of lading. Whatever the relation was between plaintiff and the company, created by the bill of lading, it was thereby canceled. The company saw fit to deny the plaintiff's right to have the car forwarded to his consignees,. and it could not thereafter be considered his bailee. We need not inquire as to the reasons for its refusal to deliver the shingles to Mrs. Aschinger. Its refusal to deliver the shingles on plaintiff's order put an end to their relations, and they thereafter stood as adversaries, so far as the possession of the property was concerned. If Mrs. Aschinger had desired to test the question of title and possession with the plaintiff, she might have made him a party to her suit, and thus have made an end to the contest. Under the facts disclosed, we feel certain that the rulings of the trial court ought not to be disturbed.

It is further insisted that the evidence fails to show any sale or delivery of the property in controversy from the Aschingers to plaintiff. This was one of the sharply contested issues on the trial. It was fairly submitted to the jury, under instructions correctly stating the law. The evidence was in dispute, but to our minds it seems fairly to support the conclusion arrived at by the jury.

No other question in the case seems to call for discussion.

*By the Court.*— The judgment of the circuit court is affirmed.